J-S23020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERNEST JAMAL NELSON :
:
Appellant : No. 1142 WDA 2018

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003618-2000,
CP-02-CR-0017102-1999

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 03, 2020**

Appellant Ernest Jamal Nelson appeals from the order denying his third petition filed under the Post Conviction Relief Act[1] (PCRA). Appellant's counsel has filed a petition to withdraw and a no-merit brief. We affirm and grant counsel's petition to withdraw.

We previously summarized the facts of this matter in ***Commonwealth v. Nelson***, 1220 WDA 2016 (Pa. Super. filed July 7, 2017) (unpublished mem.). Briefly, Appellant was charged with voluntary manslaughter and related offenses for his involvement in an April 1999 shooting. On October 25, 2000, following a jury trial, Appellant was sentenced to thirty-two to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

seventy years' incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied review. Thereafter,

[o]n August 23, 2003, [Appellant] filed his first, counseled PCRA petition. That petition was denied on March 4, 2004, and after this Court affirmed on appeal, our Supreme Court denied [Appellant]'s subsequent petition for allowance of appeal.

On February 9, 2011, [Appellant] filed a second *pro se* PCRA petition alleging the existence of newly-discovered exculpatory evidence. The PCRA court appointed counsel, who filed an amended PCRA petition on July 14, 2011. The PCRA court held a hearing on October 25, 2011, where [Appellant] and a witness, Alvin [Nix], testified that [Nix's] deceased brother, Damion [Nix], was responsible for the shooting for which Appellant had been convicted. The PCRA court, determining that their testimony was not credible, denied the petition on November 3, 2011.

Appellant filed a timely appeal from the denial of this second PCRA petition, and this Court affirmed, concluding that the PCRA court's credibility determinations were supported by the record, and that [Appellant] "failed to provide newly-discovered evidence because, even if admissible, [Alvin] Nix's testimony would not 'likely compel a different verdict.'" Notably, neither the PCRA court, nor this Court, conducted any assessment of whether [Appellant]'s second PCRA petition, asserting the after-discovered evidence of Alvin Nix's statement, met an exception to the PCRA's one-year time-bar . . . .

On September 10, 2015, [Appellant] filed a third, *pro se* PCRA petition . . . . In that facially untimely petition, [Appellant] maintained that he satisfied the 'new fact' exception to the PCRA's one-year time-bar. Specifically, [Appellant] asserted that he had "received information" that an individual named Ronald Robinson "was with Damion Nix[] when Damion shot Kevin Green." ***See*** PCRA Petition, 9/10/15, at 3. [Appellant] further averred that he "sought to have this information either confirmed or denied [b]y Ronald Robinson[,]" and after "[e]xploring all avenues," he finally received "in early September of 2015," an affidavit from Robinson. ***Id.***

Appellant attached Robinson's signed affidavit (dated August 28, 2015) to his petition. Therein, Robinson stated that he and Damion Nix had gone to Frankie's Bar on the night of the shooting and, once inside the bar, Robinson had given Nix one of two guns that Robinson had secreted into the bar. *See* PCRA Petition, 9/10/15 (Sworn Affidavit of Ronald Robinson). Robinson stated that he and Nix then proceeded to the dance floor, where they saw Kevin Green and "[a]n argument immediately broke out between [Green] and [Nix]." *Id.* Robinson claimed that he and Nix "both pulled out our guns and started shooting." *Id.* Robinson explained that after the shooting, he and Nix fled out a back door of the bar and "drove to the Rakin [sic] Bridge," where Robinson "threw both guns into the river." *Id.*

On October 22, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Appellant]'s petition without a hearing, stating only that his petition "is patently frivolous and without support on the record . . . ." Rule 907 Notice, 10/22/15, at 1. [Appellant] filed a *pro se* response, but on February 1, 2016, the PCRA court issued an order dismissing his petition.

. . . . Appellant ultimately filed his notice of appeal within the time-frame mandated by the PCRA court. It does not appear from the record that the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on September 22, 2016, the PCRA court issued an opinion, the entirety of which stated as follows:

> [Appellant] has appealed this [c]ourt's dismissal of his most recent [PCRA] petition. This court has reviewed the petition and finds that it is time-barred for the same reasons as stated in the attached previous opinion dismissing a prior PCRA.

To this opinion, the court attached its opinion from 2012, in which it explained the basis for its denial of [Appellant's] second PCRA petition, as follows:

> The sole issue on appeal is the allegation of an abuse of discretion in denying the Petition. This [c]ourt, during the evidentiary hearing, heard all of the testimony and observed all of the witnesses and concluded that the testimony of [Appellant], and witness Alvin [N]ix[,] was incredible. A credibility determination adverse to [Appellant] requires dismissal of the Petition and is not an abuse of discretion.

***Nelson***, 1220 WDA 2016, at *2-4.

On appeal, this Court vacated the PCRA court's order and remanded the matter for the PCRA court to determine whether Appellant's petition was timely. ***See Nelson***, 1220 WDA 2016, at *9-10. Thereafter,

> [o]n March 22, 2018, the PCRA court held an evidentiary hearing. ***See*** N.T. PCRA Hr'g, 3/22/18. Appellant testified that Alvin Nix alluded to Ronald Robinson's involvement in the shooting at some point after his second PCRA petition, but never directly stated it. ***Id.*** at 12-13. Appellant testified that he continued to research who was at the bar on the night of the shooting. ***Id.*** He stated that he "had a whiff" of Robinson's involvement in 2015, which prompted him to send a letter to Robinson. ***Id.*** at 15. Appellant explained that in his letter, he asked Robinson if he was at the bar on the night of the shooting. ***Id.*** He stated that Robinson responded by sending back a signed affidavit implicating himself in the shooting. ***Id.*** Appellant testified that the affidavit was dated August 28, 2015, and he filed his third PCRA petition on September 10, 2015. ***Id.*** at 11.
>
> Appellant's cousin, Devaughn Northcutt, testified that he received a phone call from Appellant in August or September of 2015. ***Id.*** at 5. At that time, Appellant instructed Northcutt to forward a letter from Appellant to Northcutt's cousin, Robinson, who was incarcerated at another state facility. ***Id.*** Northcutt testified that he received Appellant's letter "maybe a day later" and immediately forwarded it to Robinson without opening the envelope. ***Id.*** He stated that he received a reply letter from Robinson "maybe a week later." ***Id.*** at 6. Northcutt stated that he immediately mailed Robinson's letter to Appellant without opening the envelope. ***Id.***
>
> Appellant also called Robinson to testify on his behalf. However, at the hearing, Robinson asserted his Fifth Amendment right against self-incrimination and refused to testify. ***Id.*** at 18.
>
> At the conclusion of the hearing, the PCRA court took the matter under advisement and indicated that it would issue "an order either dismissing the petition or an order granting [Appellant] a new trial." ***Id.*** at 27. On July 16, 2018, the PCRA court issued an order denying Appellant's petition. ***See*** PCRA Ct. Order, 7/16/18.

> The order stated that Appellant's petition was "patently frivolous and without support on the record."[2]  *Id.*

---

[2] Appellant filed the counseled notice of appeal on August 9, 2018.  We note that in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), which was decided on June 1, 2018, the Pennsylvania Supreme Court announced a prospective rule that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket."  *Walker*, 185 A.3d at 977.  In *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), this Court held that that a notice of appeal may only contain one docket number and quashed appeals in which the appellant filed four separate notices of appeal, each listing all four docket numbers.

However, in *Commonwealth v. Stansbury*, ___ A.3d ___, ___, 2019 WL 4197218, *2 (Pa. Super. Sept. 5, 2019), this Court recognized that the failure to file separate notices of appeal may be excused where there was a breakdown in the operation of the court.  *Stansbury*, 2019 WL 4197218, at *2.  In *Stansbury*, the order being appealed contained multiple docket numbers and advised the appellant "that he has thirty days from this day, to file **a** written **notice** of appeal to the Superior Court.  Said notice of appeal must be filed with the Clerk of Courts of Philadelphia County-Criminal Division . . . ."  *Id.* (citation omitted) (emphasis in original).  This Court concluded that the failure to advise the appellant of the need to filed separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any *Walker* defect.  *See Stansbury*, 2019 WL 4197218, at *3

Instantly, the state of the record creates some confusion.  Appellant's underlying PCRA petition bore two docket numbers, the above-captioned case, in which Appellant was convicted of several counts of aggravated assault and related offenses, and Docket No. 17102-1999, in which Appellant was found guilty of voluntary manslaughter.  All relevant proceedings on the petition were docketed in both cases.  However, the actual documents are only contained in the record in Docket No. 17102-1999.  The order denying Appellant relief contained both trial court docket numbers and advised Appellant that he had thirty days to file "an appeal" with this Court.  Order, 7/16/18.  Appellant filed a notice of appeal listing both docket numbers.  Under these circumstances, we decline to quash the appeal under *Walker* or *Creese*.  *See Stansbury*, 2019 WL 4197218 at *3.  However, we have amended the caption of this appeal to reflect that it properly lies from both Docket Nos. 17102-1999 and 3618-2000.

*Commonwealth v. Nelson*, 1142 WDA 2018 (Pa. Super. filed Aug. 9, 2019) (unpublished mem.). On appeal, we once again vacated the PCRA court's order and remanded the matter for the PCRA court to determine whether Appellant met the timeliness exception in Section 9545(b)(1)(ii).

On September 6, 2019, the PCRA court filed a supplemental Rule 1925(a) opinion stating that Appellant met the Section 9545(b)(1)(ii) timeliness exception. However, the PCRA court explained that because Appellant did not meet the test for after-discovered evidence, he was not entitled to relief. *See* Trial Ct. Op., 9/6/19 at 6-11. On October 18, 2019, counsel filed a petition to withdraw and a no-merit brief. Appellant has not filed a *pro se* response or a counseled brief with new counsel.

Before we address the issues identified by counsel, we must first address whether counsel has fulfilled the procedural requirements for withdrawing his representation. *See Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that before "addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel") (citation omitted). Initially, we note that counsel has filed a no-merit brief and a separate petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner*/*Finley* "no-merit letter" is the appropriate filing. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 6 -

However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011). Therefore, we proceed to analyze whether counsel has substantially complied with the dictates of **Turner**/**Finley**. **See also Muzzy**, 141 A.3d 510.

Counsel's no-merit brief identifies the following issue:

Did the [PCRA] court err in denying relief under the [PCRA] on the grounds that the conviction resulted from the unavailability at the time of the trial of exculpatory evidence, which has subsequently become available and would have changed the outcome of the trial if it had been introduced, pursuant to 42 Pa.C.S. § 9543(a)(2)(vi)?

**Anders**/**Santiago** Brief at 9 (full capitalization omitted).

As we have explained,

[c]ounsel petitioning to withdraw from PCRA representation . . . must review the case zealously. . . . [C]ounsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Muzzy*, 141 A.3d 510-11 (citation omitted).

Here, counsel's petition to withdraw and brief to this Court detail his diligent review of the case and includes the issue that Appellant wishes to present. Counsel sets forth reasons why the issue lacks merit and requests permission to withdraw. Additionally, counsel has provided Appellant with a copy of the no-merit brief and his application to withdraw, and advised Appellant of his right to proceed *pro se* or with privately retained counsel in this appeal. **See Widgins**, 29 A.3d at 818. Accordingly, we will permit counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

Counsel identifies Appellant's after-discovered evidence claim, which is based on the information in Robinson's signed affidavit. **Anders**/**Santiago** Brief at 19. Counsel states that Appellant successfully established the first three prongs of the test. **Id.** at 22-25. However, counsel notes that Appellant failed to meet the fourth prong, "as he did not demonstrate that the evidence would likely result in a different result if a new trial were granted." **Id.** at 18. Specifically, counsel explains that at the PCRA hearing, Robinson invoked his Fifth Amendment rights and refused to authenticate the affidavit. **Id.** at 25. Counsel notes that "[b]ecause [Robinson's] [a]ffidavit is incapable of authentication, it would not be admissible at a subsequent trial. As such, [Appellant] cannot demonstrate that the proposed new evidence could result in acquittal if a new trial were granted." **Id.** at 26.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We grant great deference to the PCRA court's factual findings and we will not disturb them unless there is no support in the record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). Further, we are "not bound by the rationale of the trial court, and may affirm on any basis." *Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (citation and quotation marks omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the three statutory exceptions set forth in 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within

sixty days of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[3]

To successfully raise the newly discovered fact exception under section 9545(b)(1)(ii), a petitioner must only establish that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

Once a petitioner has established the newly discovered fact exception, he must satisfy the four-part test for after-discovered evidence. Specifically, he must establish that the evidence

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008) (citation omitted). Our Supreme Court has noted that each of these elements, "if unproven by the petitioner, is fatal to the request for a new trial." ***Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018).

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

In determining whether the evidence would compel a different verdict, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010) (citation omitted). Additionally, "the proposed new evidence must be producible and admissible." *Small*, 189 A.3d at 972; *see also* Pa.R.E. 901(a) (stating that "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").

Here, the PCRA court concluded that Appellant's petition was timely based on the newly discovered fact exception.[4] However, with respect to the after-discovered evidence test, the PCRA court explained:

---

[4] Although the PCRA court determined Appellant's petition was timely filed, the court again appears to have improperly conflated the test for a substantive after-discovered evidence claim with the requirements for the newly discovered facts exception to the PCRA time bar. *See* PCRA Ct. Op. at 8 (stating that because Appellant "did not retain a close relationship with Robinson, he could not have obtained Robinson's affidavit, through reasonable diligence, *until after his trial*") (emphasis added). Moreover, we add that the new one-year time for filing a PCRA petition did not apply to the instant petition. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

Nonetheless, the PCRA court credited Appellant's testimony that (1) the information contained in Robinson's affidavit was unknown to Appellant until 2015; and (2) Appellant did not have a close relationship with Robinson and did not know he was present at the shooting until 2015. *See id.* at 7-8. Therefore, we agree with the PCRA court's conclusion, and add that there was

- 11 -

Robinson's affidavit states that he and the now deceased Damion Nix were the shooters on April 7, 1999, and it was Damion Nix that killed Green, not [Appellant]. At the [PCRA] evidentiary hearing, however, Robinson, through counsel, chose to avail himself of his Fifth Amendment Rights due to the contents of the affidavit implicating him in criminal activities. Being that Robinson did not testify to the contents of the affidavit nor confirm that he wrote and signed the affidavit[, it] calls into question both the integrity and strength of the information contained within the affidavit. As previously stated, Robinson is [Appellant]'s cousin. This familial relationship, despite [Appellant] maintaining that the two were not close, further calls into question the integrity and motive of presenting the affidavit.

*Id.*

Based on our review of the record, we agree with the PCRA court that Appellant failed to prove his after-discovered evidence claim. *See Lawson*, 90 A.3d at 4. As noted by the PCRA court, Robinson refused to authenticate his signature or acknowledge the contents of the affidavit at the PCRA hearing. Because Appellant did not present any other evidence to authenticate the affidavit, it would be inadmissible at a new trial. *See* Pa.R.E. 901(a). Therefore, Appellant's claim fails. *See Small*, 189 A.3d at 972.

Based on our independent review of the record, we agree with counsel that the claim Appellant intended to raise on appeal is meritless. *See Muzzy*, 141 A.3d at 511.

---

no basis to conclude that Appellant could have learned of Robinson's testimony earlier by the exercise of due diligence. Moreover, because the PCRA court credited Appellant's testimony that he discovered the new facts in August of 2015, we are satisfied that his instant petition, dated September 10, 2015, was filed within sixty days of that discovery. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Therefore, we will not disturb the PCRA court's conclusion that Appellant satisfied the newly discovered fact exception. *See Doty*, 48 A.3d at 456.

Order affirmed.  Application to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/3/2020